By the Court.
Defendant in error, Edward G. Schultz, was appointed receiver by the court of insolvency of Hamilton county in the case of The Cincinnati Steel Castings Co. v. The Warner Equipment Co. The Warner Equipment Company was indebted to the city of Cincinnati in the sum of $127.68, on account of water rent which had accrued prior to the appointment of the receiver. A motion filed by the city of Cincinnati for an order directing the receiver to pay this water rent was sustained and the receiver was ordered to pay the same forthwith. Error was prosecuted by the receiver to the court of appeals, where the judgment of the court of insolvency was reversed, the court of appeals finding that the claim of the city of Cincinnati was in the nature of a general claim and *318 should be allowed as such and receive such dividends as had been paid and would be paid to creditors of that class. Upon application by plaintiff in error the court of appeals was directed to certify its record to this court.
The contention of the city of Cincinnati is that it is entitled to be paid in full for water consumed prior to the appointment of the receiver out of the proceeds of the sale of personal property sold by the receiver under order of the insolvency court. It relies upon the provisions of Section 3958, General Code, which section is as follows:
“For the purpose of paying the expenses of conducting and managing the water works, such director may assess and collect from time to time a water rent of sufficient amount in such manner as he deems most equitable upon all tenements and premises supplied with water. When more than one tenant or water taker is supplied with one hydrant or off the same pipe, and when the assessments therefor are not paid when due, the director shall look directly to the owner of the property for so much of the water rent thereof as remains unpaid, which shall be collected in the same manner as other city taxes.”
This section authorizes a city through its proper officer to assess a water rent upon tenements and premises supplied with water, but we do not know upon what theory it can be claimed that it gives the city a lien upon the personal property of the consumer. Nor has any statute been called to our attention which makes such a claim a preferred one against a receiver. We are of the opinion, there *319 fore, that the court of appeals was correct in holding that the claim of the city of Cincinnati was in the nature of a general claim and should be allowed as such.

Judgment affirmed.

Nichols, C. J., Wanamaker, Newman, Jones' Matthias, Johnson and Donahue, JJ., concur.